Filed 12/30/25  P. v. Bradley CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JONATHAN SMITH BRADLEY,<br><br>    Defendant and Appellant. | C102179<br><br>(Super. Ct. No. 24CR001122) |

Defendant Jonathan Smith Bradley pled guilty to kidnapping after taking his son from the home where his son lived with his legal guardian.  In a statement to his probation officer after the crime, defendant explained that he had been molested as a child and was concerned that his son was having a similar experience.  He said that he "felt he needed to go get [his son] because he was 'high' at the time" and would not have "done what [he] did if [he] wasn't on methamphetamines."  The trial court sentenced defendant to the middle term of five years.

1

On appeal, defendant contends that his statement to the probation officer triggered the lower term presumption under Penal Code[1] section 1170, subdivision (b)(6)(A) and the trial court abused its discretion by failing to consider the lower term under this provision. However, defense counsel did not request the lower term under section 1170, subdivision (b)(6)(A). Despite this, defendant claims he did not forfeit the issue and, in any event, his attorney was ineffective for failing to make the request.

We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Around 2:19 a.m. on May 25, 2024, defendant went to the home where his son lived with a legal guardian. After pressing the doorbell a few times and unsuccessfully trying to open the door, defendant walked over to a window and broke in. Defendant took his son and drove away.

Defendant pled guilty to kidnapping. In a statement to his probation officer, defendant said, " 'I wouldn't have done what I did if I wasn't on methamphetamines.' " He explained that he was molested by a family member when he was a "kid" and thought something similar was happening with his son; he "felt he needed to go get [his son] because he was 'high' at the time." Defendant did not elaborate further.

At sentencing, defendant asked for the lower term "due to an early resolution, [defendant's] admission, and cooperation with law enforcement officers." The prosecution requested "the maximum amount of time that the [c]ourt [was] willing to grant" based on defendant's criminal history and his lack of success with rehab and probation. The trial court sentenced defendant to the middle term of five years.

Defendant appeals.

---

[1] Undesignated statutory references are to the Penal Code.

DISCUSSION

Defendant claims the trial court abused its discretion by failing to consider imposing the lower term under section 1170. According to defendant, the record shows that childhood trauma from sexual violence was a contributing factor to the kidnapping. The trial court was, therefore, obliged to comply with the provisions of section 1170, subdivision (b)(6)(A).

As a threshold matter, we note—as both parties acknowledge—that defendant failed to ask the trial court to impose a lower term sentence pursuant to section 1170, subdivision (b)(6)(A). Defendant argues against forfeiture, claiming he did not have to raise the issue below because there was evidence in the record—his childhood trauma contributed to the commission of the offense—that triggered the lower term presumption under the statute. (Citing *People v. Fredrickson* (2023) 90 Cal.App.5th 984, 994, fn. 8 ["the defendant need not specifically request application of the lower term presumption if the record shows youth contributed to commission of the underlying offense"].) As we explain, there was no such evidence in this record. Defendant's claim is therefore forfeited. (*People v. Tilley* (2023) 92 Cal.App.5th 772, 778.)

However, because defendant alternatively contends that his attorney rendered ineffective assistance by failing to raise this issue, we exercise our discretion to reach the merits of whether the trial court abused its discretion in failing to consider the lower term under section 1170, subdivision (b)(6)(A). (*People v. Hardy* (1992) 2 Cal.4th 86, 209.)

Section 1170, subdivision (b)(6)(A) provides: "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence." The mere fact that a defendant has suffered past trauma is insufficient, the plain language

3

of the statute makes clear that the " 'psychological, physical, or childhood trauma' " must be " 'a contributing factor in the commission of the offense' for the low term presumption to apply." (*People v. Knowles* (2024) 105 Cal.App.5th 757, 765, quoting § 1170, subd. (b)(6)(A).)

To trigger this statutory presumption, there must be an initial showing that one of the enumerated mitigating circumstances was a contributing factor to the commission of the offense. (*People v. Fredrickson*, *supra*, 90 Cal.App.5th at p. 992.) Such a showing "has been made when the record and/or arguments are sufficient to put a trial court on notice that a defendant's youth may have been a contributing factor in commission of the underlying offense." (*Id*. at p. 994.)

There was no evidence in the record to support an initial showing that defendant's childhood sexual abuse was a contributing factor to the commission of the kidnapping. Although defendant's prior experience of being molested caused him to be concerned that "something similar was going on with his child," this was not why defendant kidnapped his son. As defendant explained: "[He] felt he needed to go get [his son] because he was 'high' at the time." Indeed, defendant admitted he would not have committed the offense if he had not been " 'on methamphetamines.' " Thus, there is no evidence in the record that defendant's history of sexual abuse contributed to the commission of the kidnapping. Rather, defendant's drug use fueled his choices. The statutory presumption for the lower term under section 1170, subdivision (b)(6)(A) was therefore not triggered. Consequently, the trial court did not abuse its discretion by failing to consider the lower term under the statute.

DISPOSITION

The judgment is affirmed.

                                   /s/ _____
                                   ROBIE, J.

We concur:

/s/ _____
HULL, Acting P. J.

/s/ _____
FEINBERG, J.